1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Edward Paul Moss,                                No. CV15-2600-PHX-DGC

10                                                     **ORDER**

11                    Petitioner,

12   v.

13   Charles L Ryan, et al.,

14                    Respondents.

15

16          On December 21, 2015, Petitioner Edward Paul Moss filed a pro se petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The Court referred the

18   petition to Magistrate Judge Michelle H. Burns.  Doc. 5.  On April 14, 2016, Judge Burns

19   issued a report and recommendation ("R&R") that the Court dismiss the petition as

20   untimely.  Doc. 13.  Moss filed pro se objections to the R&R.  Doc. 14.  The Court will

21   overrule these objections and adopt Judge Burns's recommendation.

22          The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

23   establishes a one-year statute of limitations for habeas petitions filed by state prisoners.

24   28 U.S.C. § 2244(d)(1).  As relevant here, the limitations period runs from "the date on

25   which the judgment became final by the conclusion of direct review or the expiration of

26   the time for seeking such review."  § 2244(d)(1)(A).  The limitations period is subject to

27   both statutory and equitable tolling.  Statutory tolling is available for "[t]he time during

28   which a properly filed application for State post-conviction or other collateral review

1    with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Equitable

2    tolling is available where "extraordinary circumstances beyond a prisoner's control

3    ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th

4    Cir. 2006). In addition, a petitioner is entitled to an equitable exception to the AEDPA's

5    statute of limitations if he makes "a credible showing of actual innocence." *McQuiggin*

6    *v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

7          Judge Burns recommended that the Court dismiss Moss's petition as untimely.

8    She found that (1) the statute of limitations began to run on January 3, 2009, when the

9    Maricopa County Superior Court denied Moss's petition for post-conviction review;

10   (2) the limitations period ran uninterrupted for one year until it expired; and (3) Moss was

11   not entitled to equitable tolling because "nothing in the record suggest[ed] that [he]

12   pursued his rights diligently, or that an external force prevented him from timely filing a

13   federal habeas petition." Doc. 13 at 7-8.

14         Moss does not dispute that his petition is untimely, nor does he contend that he is

15   actually innocent. Instead, Moss argues that he is entitled to equitable tolling because he

16   diligently pursued his rights and faced extraordinary circumstances that prevented him

17   from timely filing his petition. Doc. 14 at 3.

18         "[E]quitable tolling is unavailable in most cases." *Miranda v. Castro*, 292 F.3d

19   1063, 1066 (9th Cir. 2002) (citation and quotation marks omitted). "[T]he threshold

20   necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions

21   swallow the rule." *Id.* (citation omitted, alterations incorporated). Moss argues that he

22   faced extraordinary circumstances because he was unable to access a law library, he was

23   ignorant of the AEDPA, and he was limited in his ability to interact with other inmates

24   who might have been more knowledgeable about the law. These do not constitute

25   extraordinary circumstances. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009)

26   (ordinary prison limitations on access to legal materials, including limitations related to

27   administrative segregation, do not constitute extraordinary circumstances); *Rasberry v.*

28   *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (the fact that petitioner "simply did not know about the [statute of limitations] in the AEDPA until it was too late" was not an extraordinary circumstance).  Moss's petition is nearly six years late and he not identified any extraordinary circumstances which explain this delay.  The Court will therefore accept the R&R and deny the petition as untimely.

**IT IS ORDERED:**

1.    Judge Burns's R&R (Doc. 13) is **accepted**.

2.    The petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.

3.    The Clerk of the Court is directed to **terminate** this action.

Dated this 24th day of May, 2016.

David G. Campbell
United States District Judge